Assault to murder without malice is, none the less, an assault with intent to murder; malice, or the absence of malice, in the commission of such offense, affects only the punishment.

Other matters appearing in the record cannot be considered, in the absence of bills of exception.

The judgment is affirmed.

Opinion approved by the Court.

On Appellant's Motion for Rehearing

BEAUCHAMP, Judge.

Motion for rehearing in this case raises no question other than that discussed in the original opinion. The motion was presented by able oral argument. We have given consideration to this and have carefully reviewed the record. It appears that the original opinion disposed of all issues properly and that further discussion of the same would not be helpful.

Appellant's motion for rehearing is overruled.

Kelley, Looney, McLean & Enochs, Edinburg, L. C. McLean, Edinburg, for appellant.

Hardin & Little, Edinburg, for appellee.

W. O. MURRAY, Justice.

This suit was instituted by H. Rouw Company, a corporation, against the Texas & New Orleans Railway Company, also a corporation, for damages alleged to have been sustained by H. Rouw Company on a car of green wrapped tomatoes shipped over defendant's railroad line which was delayed five days in transit by defendant, resulting in loss to H. Rouw Company by reason of a market decline and as a result of the tomatoes in said car being shifted in transit and arriving at destination in a decayed and damaged condition. The car was due to arrive in Philadelphia, Pennsylvania, for the market on May 24, 1946, and did not arrive until May 29, 1946. The shipment was sold in its damaged condi-

**TEXAS & N. O. R. CO. v. H. ROUW CO.**

No. 12009.

Court of Civil Appeals of Texas.
San Antonio.
Nov. 30, 1949.

Rehearing Denied Dec. 28, 1949.

tion on May 31st, for the sum of $2,396.25. The jury found that the tomatoes would have been worth $3,285 if they had arrived on time in good condition, thus causing a loss to plaintiff of $888.75, but inasmuch as plaintiff had alleged its damage to be $523.75 and was bound by this allegation, the trial court rendered judgment for said sum of $523.75. From that judgment the Texas and New Orleans Railway Company has prosecuted this appeal.

Appellant's first contention is that the court erred in overruling appellant's motion for an instructed verdict and appellant's motion for judgment non obstante veredicto, because appellee did not establish that it had been damaged, in that there is no evidence to show at what price said tomatoes could have been sold in the condition they were in when they were delivered on the 29th day of May, 1946. We overrule this contention.

The evidence shows that the carload of tomatoes, if in good condition upon the date of arrival, May 29, 1946, would not have sold for more than the sum of $2,372.50, and that the tomatoes were actually sold on May 31, 1946, in their damaged condition, for the sum of $2,396.25, or $23.75 more than they would have sold for in good condition upon their arrival on May 29, 1946. Thus appellant is not injured in any way by the failure of appellee to show the cash market value of the tomatoes in their damaged condition when they arrived in Philadelphia on May 29, 1946.

For a like reason appellant was not injured in any way by admitting in evidence the report of sale which occurred on the 31st day of May, 1946.

Appellant's next contention is that the court erred in admitting in evidence the photostatic copy of a typewritten copy of the original inspection report of said tomatoes at the point of destination, for the reason that same was not the best evidence and the record affirmatively establishes that the witness testifying had in his possession the original inspection report.

We overrule this contention because the defendant, in answer to plaintiff's request for admission of fact, admitted that upon arrival at destination "lading was away from B bunker wall up to three inches" and that upon arrival at destination "decay was from 0% to 24% computed at 8% average decay."

In view of these admissions by the defendant, the introduction of the photostatic copy of a typewritten copy of the original inspection report was not in any way prejudicial to defendant because it had previously admitted all that was shown in the report.

Accordingly, the judgment of the trial court is affirmed.